**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard C. SYLVESTER,
Defendant-Appellant.**

No. 78-3338.

United States Court of Appeals,
Ninth Circuit.

Oct. 1, 1979.

Paul W. Waggoner, Anchorage, Alaska, on brief, for defendant-appellant.

Alexander O. Bryner, U. S. Atty., Anchorage, Alaska, on brief, for plaintiff-appellee.

Before CHAMBERS and TANG, Circuit Judges, and THOMPSON,* District Judge.

CHAMBERS, Circuit Judge:

Sylvester was convicted of violation of 18 U.S.C. § 43(a)(2), also called the Lacey Act, which prescribes penalties for a person who:

"(2) delivers, carries, transports, or ships, by any means whatever, or causes to be delivered, carried, transported, or shipped for commercial or noncommercial purposes or sells or causes to be sold in interstate or foreign commerce any wildlife taken, transported, or sold in any manner in violation of any law or regulation of any State or foreign country;"

The information in this case alleged that he had violated a regulation of the Alaska Administrative Code (5 AAC 81–200(2))[1] in that he "wilfully and knowingly did transport and ship, and caused to be transported and shipped, for commercial purposes" the hides and skulls of three brown bears.

Section 81–200(2) in part states:

"The purchase, sale or barter of game or parts of game is permitted with the following exceptions: . . . (2) the skin of a black bear and its various color phases, grizzly and brown bear . . ."

In this case the agreement for the sale, and partial payment, were made in Alaska. But delivery was made in New Mexico, where the remainder of the payment was made. Appellant argues that there was no "sale" in Alaska and thus no violation of Alaska law that would support a conviction under 18 U.S.C. § 43. The district judge held that while there was not a "sale" under Alaska's Uniform Commercial Code provisions,[2] there was nevertheless sufficient sales activity to support the conviction under the federal criminal statute.

In a well-reasoned statement of his decision, the district judge held that "the language of the Lacey Act relates to a situation such as this where the sale is an integral part of the interstate transfer of wildlife products" and that it makes "little difference if the completion of the sale precedes or follows the carriage of goods in interstate commerce so long as the transportation or shipment is directly related to the transaction." We agree with this statement of the law.

We are not impressed with appellant's attempt to analogize his situation with that of the person charged with violation of the interstate transportation of securities under 18 U.S.C. § 2314. That statute, by its wording, prohibits the transfer of securities that are forged or altered or counterfeit when they are transported in interstate commerce. Section 43 is far more broadly worded, directed as it is not only to one who "sells" but also to one who "causes to be sold in interstate or foreign commerce." We, therefore, have no difficulty in distinguishing this case from those involving the transportation of securities, e. g. *United States v. Owens*, 460 F.2d 467 (5th Cir. 1972).

We also agree with the district judge that there is no prohibition against the extraterritorial enforcement of the Alaska provision. As he properly stated, "a State may reach beyond its borders under its police power, to regulate game and fish if those regulations have a sufficient nexus with the protection and preservation of wildlife within the State. *Silz v. Hesterberg*, 211 U.S. 31, 29 S.Ct. 10, 53 L.Ed. 75 (1908); *Bayside Fish Flour Co. v. Gentry*, 297 U.S. 422, 56 S.Ct. 513, 80 L.Ed. 772 (1936)." In addition, there must be "a sufficient relationship between the regulating State and the person whose conduct is regulated. *Skiriotes v. Florida*, 313 U.S. 69, [61

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

1. The underlying statutory provision for this regulation is AS 16.05.920(a).

2. We need not reach the issue of the applicability, or inapplicability, of the Uniform Commercial Code.

S.Ct. 924, 85 L.Ed. 1193.] (1941)." These conditions were found to have been met in this case and the evidence supports the district court's findings.

Affirmed.